**BARTHOLOMAY**

v.

**BARTHOLOMAY et al.**

No. 7420.

Supreme Court of North Dakota.

July 23, 1954.

Rehearing Denied Aug. 20, 1954.

George E. Duis, Fargo, for appellant.

Lee F. Brooks, Fargo, for respondents.

BURKE, Judge.

This is an action to foreclose a real estate mortgage. The mortgage was given to secure a note in the sum of $1,400 executed and delivered by the defendant, Antonia Bartholomay, on March 29, 1923, to one William Piper. The land described in the mortgage was an eleven acre tract in Leonard, N. D., upon which was a residence, the home of Antonia Bartholomay. On August 10, 1935, Piper's administra-

trix assigned the note and mortgage to one Nick Seiwert by an instrument in writing which recited that the balance then due upon the debt was $400.00 with interest at six percent from March 29, 1934. On December 14, 1944, Nick Seiwert assigned the note and mortgage to the plaintiff. This assignment set forth that the balance due on the debt at that time was $200.

Plaintiff instituted this action to foreclose the mortgage in October 1952. In his complaint he alleged that the amount due upon the debt for principal, interest and taxes paid was the sum of $2,547.19. The defendants answered and alleged that the debt had been fully discharged by payment.

Upon the trial of the case the court found the facts in favor of the defendants and judgment dismissing the action was entered on March 26, 1953. The plaintiff has appealed from the judgment. The only question upon this appeal is the sufficiency of the evidence to sustain the judgment.

At the trial the note and mortgage, the two assignments and six tax receipts showing payment by plaintiff of the taxes on the mortgaged property for the years 1946 to 1951 inclusive in the total sum of $436.-19, were received in evidence. Plaintiff testified that only one payment of $80 had been received by him upon the indebtedness and that he endorsed this payment on the note upon November 12, 1946. Since plaintiff's assignment showed that there was $200 due on the mortgage, at the time he purchased it, this evidence made out a prima facie case that the amount due on the mortgage at the time of trial was $120 and interest and the amount of the taxes which had been paid by plaintiff. There is no question but that if any amount was owing, payment was in default.

■ Payment is an affirmative defense in an action involving a mortgage and must be established by the party claiming payment, by a fair preponderance of the evidence, Depositor's Holding Co. v. Brown, 64 N.D. 222, 251 N.W. 295; Hassen v. Salem, 48 N.D. 592, 185 N.W. 969. The only evidence of payment in this record is the testimony of the defendant, Antonia Bartholomay. At the time she testified, she was 95 years old. She stated that she made some payments upon the mortgage while it was owned by William Piper but did not say how many payments were made or what the amount of the payments was. She said that she received credit on the note, while it was owned by Nick Seiwert, as payment for work done by her for him. She did not state how much credit she was to receive. She had no receipts or records of any kind. Certainly, there is nothing in this evidence which would establish that she was entitled to more than the $1,000 credit which was given on the note while Piper had it or to more than the $200 credit which was given while Seiwert owned it. She testified that after plaintiff bought the note and mortgage she paid him eighty dollars. She was asked "Did you give him (the plaintiff) $80.00?" and she aswered "Yes, straightened up and it was even." Defendant's proof of payment thus rests upon evidence of one definite payment of $80 and Antonia Bartholomay's statement that this payment "straightened up and it was even." In view of her indefinite and uncertain testimony as to prior payments and credits, and her lack of receipts or records of any kind, we do not see how she could have possibly known what was due on the indebtedness at the time she made the payment. Upon the record her statement that the $80 payment paid the indebtedness in full is only an unsupported conclusion. That there was no agreement between the plaintiff and Antonia Bartholomay that the $80 should be paid and accepted as full payment of the debt is shown by the fact that after the payment was made plaintiff continued to pay the taxes upon the land for the next seven years or up to the time of trial. It is hardly conceivable that plaintiff would pay these taxes for the benefit of the defendant, the State Welfare Board, which holds a subsequent mortgage on the property.

■ Upon all the evidence we are satisfied that defendants have failed to establish the defense of payment.

The judgment of the District Court is therefore reversed. Since the amount due upon the mortgage debt may have been enlarged by the payment of additional taxes since the time of the trial, the case is remanded to the district court for computation of the amount now due on the mortgage and the entry of judgment in accordance with this opinion.

MORRIS, C. J., and SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.